IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVIN TROY HEISE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3188 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERITAS LIFE INS., and LARRY ARTH, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss (Filing No. 10), and plaintiff's objection to motion to dismiss (Filing No. 13).

In the plaintiff's amended complaint filing no. 21 he alleges that defendants discriminated against him in violation of the Fair Employment Act and the Equal Protection Laws. The court acknowledges that it is difficult to discern on precisely what basis plaintiff is alleging his claims arise. It is clear, however, that he is barred from bringing his discrimination claims under 42 U.S.C. § 1983. A claim under 42 U.S.C. § 1983 requires action under the color of state law and defendants are a Nebraska corporation and a Nebraska citizen, and therefore, were not acting under color of state law when plaintiff was terminated from his employment. Furthermore, claims asserted under 42 U.S.C. § 1981 must be based on racial discrimination. From the face of the complaint, it is not clear whether plaintiff is alleging a claim of racial discrimination. Therefore, the court will give plaintiff 20 days to amend his complaint to indicate whether he is alleging a claim of racial discrimination based on 42 U.S.C. § 1981.

Furthermore, if plaintiff's claims are based on either Nebraska Fair Employment Practice Act Neb. Rev. Stat. § 48-1101 *et. seq.* or Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.,* plaintiff is required to comply with the statutory requirements under these Acts. Under both statutes, the Plaintiff is required to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the NEOC. The EEOC or NEOC will investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the agency determines there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); See, e.g., m,Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570 (8th Cir. 1997). The charging party then has 90-days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC. Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994). Here, because plaintiff has not filed a copy of his EEOC or NEOC charge or his right-to-sue notice with the court it is not clear whether plaintiff complied with these administrative procedures or whether his claim is timely. Therefore, in addition to informing the court whether he wishes to allege a claim of racial discrimination under 42 U.S.C. § 1981, the plaintiff shall file a copy of his EEOC or NEOC charge and his right-to-sue notice with the court by **May 1, 2006.** After receipt of these documents the court will issue an order deciding defendant's motion to dismiss.

IT IS ORDERED:

1. That by May 1, 2006 plaintiff will inform the court whether he is alleging a claim of racial discrimination under 42 U.S.C. § 1981;

2. That by May 1, 2006 plaintiff shall file with the court a copy of his EEOC or NEOC charge and his right-to-sue notice, commission determination, or any other documents received form either agency.

DATED this 10th day of April, 2006.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge