IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARVIN TROY HEISE,** | ) | **CASE NO. 4:05CV3188** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **AMERITAS LIFE INS., and** | ) | |
| **LARRY ARTH,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss (Filing No. 10), and Plaintiff's Objection to Motion to Dismiss (Filing No. 13).

In its April 10, 2006 Order (Filing No. 22) this court asked plaintiff to clarify on what basis he is claiming employment discrimination.  In his response (Filing No. 23) plaintiff stated that he is claiming discrimination under 42 U.S.C. § 1981 and in the alternative under Title VII 42 U.S.C. § 2000 *et seq*.  Plaintiff acknowledged, however, that he has not filed a charge of discrimination with either the Equal Employment Opportunity Commission (EEOC) or the Nebraska Employment Opportunity Commission (NEOC).

### DISCUSSION

**Claim of Discrimination Under § 1981**

Plaintiff argues that defendants discriminated against him pursuant to 42 U.S.C. § 1981 by improperly terminating his employment after he was charged with committing a felony.  42 U.S.C. § 1981 affords a federal remedy against discrimination in private employment on the basis of race.  *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-460 (1975).  In plaintiff's second amended complaint he does not allege that he is making a claim of racial discrimination only that he is claiming discrimination

based on his status as a felon. This claim is not cognizable under 42 U.S.C. § 1981 and is therefore dismissed on this basis.

**Claim of Discrimination Under Title VII**

Plaintiff states in his second amended complaint that in the alternative he is asserting his claim of employment discrimination under Title VII 42 U.S.C. 2000 *et seq*. But, as was explained in the court's April 10, 2006 Order, Title VII requires that a plaintiff exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission (EEOC) or the Nebraska Employment Opportunity Commission (NEOC). The plaintiff has not filed a charge with the EEOC or NEOC, therefore, his claim is dismissed for failure to exhaust his administrative remedies.

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Filing No. 10) is granted and plaintiff's claim is dismissed with prejudice.
2. Plaintiff's Objection to Motion to Dismiss (Filing No. 13) is denied.
3. A separate judgment will be entered accordingly.

DATED this 22nd day of May, 2006

BY THE COURT

s/Laurie Smith Camp
United States District Judge